DAVID M. JACOBSON
OSBA#97290
JACOBSON.DAVID@DORSEY.COM
DORSEY & WHITNEY LLP
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
(206) 903-8800
(206) 903-8820 Fax
Attorneys for Defendant

FILED '08 MAY 5 3:08 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS MILLER,<br><br>Plaintiff,<br><br>v.<br><br>FRY'S ELECTRONICS, INC.,<br><br>Defendant. | CASE CV'08-0541-HA<br>(SUPERIOR COURT NO.LV-08-0304-93)<br><br>NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION) |

S

TO:        The Clerk of the Court

AND TO:   Gary Abbott Parks, Plaintiff's Attorney

PLEASE TAKE NOTICE that Defendant Fry's Electronics, Inc. hereby removes the above-captioned action from the Circuit Court of the State of Oregon in and for the County of Clackamas to this United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1441(a) and 1446 *et. seq.* Removal is proper on the following grounds:

1.    Plaintiff filed a Summons and Complaint in Clackamas County Circuit Court, and

#21054

NOTICE OF REMOVAL OF CIVIL ACTION TO USDC - 1

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

served it on April 3, 2008. True and correct copies of the Summons and Complaint, and Answer, are attached as Exhibit A.

2.  Plaintiff's Complaint includes a claim for benefits arising out of the terms and conditions of Defendant's Vacation Benefit Plan, a welfare benefit plan covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

3.  Such claims are preempted by ERISA. Specifically, Defendant established and maintained a Voluntary Employees' Beneficiary Association Trust, titled the Vacation Benefit Plan (the "Plan") for the purpose of providing vacation benefits within the meaning and governance of ERISA. Plaintiff and all putative class members were eligible to participate in the Plan through their employment with defendantDefendant. Vacation benefits were paid pursuant to the funded Plan and through the Plan's trust. ERISA governs the investment, management, administration, and control of the Plan and the assets of the trust.

4.  Section 514(a) of ERISA provide that, except for state laws regulating insurance, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law claims that "relate to" an employee benefit plan are completely preempted by ERISA. *Crull v. Glem Ins. Co.*, F.3d 1386, 1390 (9th Cir. 1995). A state law claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983).

5.  Because Plaintiff's Complaint seeks to recover allegedly unpaid vacation benefits that were provided by Defendant under the terms of the Plan, an "employee welfare benefit plan" as defined in ERISA § 3(1), 29 U.S.C. § 1002(1), the Complaint "has a connection with" and "relates to" an ERISA plan, and the vacation claims are therefore completely preempted by ERISA.

6.  Plaintiff's state law claims may be recharacterized as claims arising under ERISA pursuant to the "artful pleading" doctrine. "A plaintiff may not . . . avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state

NOTICE OF REMOVAL OF CIVIL ACTION TO USDC - 2

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

law terms a claim that can be made only under federal law. Jurisdiction is determined on the basis of the *well-pleaded* complaint. A complaint that is 'artfully pleaded' to avoid federal jurisdiction may be recharacterized as one arising under federal law." *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) (citations omitted) (italics in original); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction").

7.   In this case, recharacterization of Plaintiff's unpaid vacation claim is appropriate because it is "artfully pled" to avoid federal preemption. 29 U.S.C. § 1132; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987) (common law contract and tort claims for alleged wrongful withholding of insurance benefits under an ERISA-covered plan are preempted); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703-704 (9th Cir. 1998) (breach of the implied covenant of good faith and fair dealing and civil conspiracy claims predicted on alleged defects in defendant's procedures for processing health care benefits are "completely preempted by ERISA"); *Olson v. General Dynamics, Corp.*, 960 F.2d 1418, 1420-23 (9th Cir. 1991) (fraud claim relating to level of benefits received under an employee plan was preempted by ERISA).

8.   This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because it is founded on a claim of right arising under the laws of the United States (*see generally* 29 U.S.C. §§ 1001, *et seq.*) and may be removed to this Court by Defendant Fry's Electronics, Inc. pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

9.   Defendant timely filed this Notice of Removal after the service of Plaintiff's Complaint, and have met all of the procedural requirements of 28 U.S.C. § 1446.

WHEREFORE Defendant requests that the action now pending against them in the Circuit Court of Oregon in and for the County of Clackamas be removed to this Court.

NOTICE OF REMOVAL OF CIVIL ACTION TO USDC - 3

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  DATED this _5th_ day of May, 2008.

2                                          DORSEY & WHITNEY LLP

3

4                                          _____
                                           DAVID J. JACOBSON, OSBA#97290
5                                          Attorneys for Defendant

6

7

8

9

    4839-6052-2754\1
10

...

25  NOTICE OF REMOVAL OF CIVIL ACTION TO USDC - 4

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# EXHIBIT A

Northwest WageLaw, LLC
1800 Blankenship Road Ste 475
West Linn, OR 97068

GARY ABBOTT PARKS
Attorney at Law
(503) 295-0431
(503) 655-2016 fax

Gary.parks@northwestwagelaw.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

NICHOLAS MILLER,

          Plaintiff,

v.

FRY'S ELECTRONICS, INC., a
foreign corporation,

          Defendant

Case No. **LV 08 03 0493**

**SUMMONS**

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty(30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT
READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or an "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer referral Service at (503) 684-3763 or toll free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY FOR PLAINTIFF

Gary Abbott Parks, OSB #93392
1800 Blankenship Rd Ste 475
West Linn, OR 97068
(503) 655-2970

STATE OF OREGON, County of Clackamas) ss.

I the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled cause and that a true copy of the complaint on file with the court is attached.

Attorney of record for Plaintiff

Northwest WageLaw, LLC
1800 Blankenship Road, Ste 475
West Linn, OR 97068
Phone (503) 295-0431  Fax (503) 655-2016

SUMMONS

Page 1 of 1

1  Northwest WageLaw, LLC
2  1800 Blankenship Road Ste 475
   West Linn, OR 97068
3  GARY ABBOTT PARKS
   Attorney at Law
4  (503) 295-0431
   (503) 655-2016 fax
5
6  Gary.parks@northwestwagelaw.com

7           IN THE CIRCUIT COURT OF THE STATE OF OREGON
8                    FOR THE COUNTY OF CLACKAMAS

9  NICHOLAS MILLER,                    Case No. LV08030493
10                        Plaintiff,
                                       **COMPLAINT**
11      v.
                                       WAGE CLAIM
12 FRY'S ELECTRONICS, INC., a
   foreign corporation,                CLAIM UNDER $50,000.00
13                       Defendant     SUBJECT TO MANDATORY
                                       ARBITRATION
14

15  Plaintiff alleges:
16
                                    1.
17
    Plaintiff is an individual at all times material residing in the state of Oregon.
18
                                    2.
19
    Defendant is a foreign corporation, hereafter referred to as "defendant" and who
20
    was at all times material doing business in the State of Oregon and conducting regular,
21
    sustained business activity in Clackamas County. At all times material, defendant knew
22  what it was doing and was free to act voluntarily.
23
                                    3.
24
    The Circuit Court of Oregon has personal jurisdiction of both plaintiff and
25  defendant because of their residence and principal place of business and because all
26  of the conduct complained of occurred in the State of Oregon.

COMPLAINT
                                              Northwest WageLaw, LLC
                                              1800 Blankenship Road, Ste 475
                                              West Linn, OR 97068
                                              Phone (503) 295-0431 Fax (503) 655-2016

4.

At all times material, defendant was plaintiff's employer and plaintiff was defendant's employee.

5.

Before commencement of this lawsuit, plaintiff gave written notice of defendant's non-payment of wages and plaintiff's attorney gave defendant reasonable advance written notice of the claim for wages and that a lawsuit would be filed if the unpaid wages were not paid. More than 12 days have passed since plaintiff provided written notice of non-payment of wages to defendant pursuant to ORS 652.150. More than 30 days have passed since plaintiff's employment with defendant terminated. More than 10 days have passed since plaintiff attorney provided written notice of plaintiff's wage claims and that plaintiff's attorney would commence a lawsuit to recover the same.

6.

On 12 December 2007 defendant terminated plaintiff's employment without notice. At that time, plaintiff had worked more than one year for defendant. At the time plaintiff's employment terminated plaintiff was working more than 31 hours per work week and as party of plaintiff's compensation:

1.) plaintiff had accumulated 40 hours of "vacation time",
2.) plaintiff had accumulated 24 hours of "holiday pay", and
3.) plaintiff had accumulated 16 hours of "personal paid absence" time, all as part of his compensation.

7.

Plaintiff's regular rate of pay during plaintiff's final pay period was not less than $7.80 per hour.

/// /// ///

/// /// ///

COMPLAINT

Northwest WageLaw, LLC
1800 Blankenship Road, Ste 475
West Linn, OR 97068
Phone (503) 295-0431  Fax (503) 655-2018

8.

After defendant terminated plaintiff's employment on 12 December 2007, all of plaintiff's wages then due were payable no later than close of business the next day, Thursday 13 December 2007.

9.

Defendant did not pay plaintiff all wages due and payable by close of business on 13 December 2007. Defendant did not deliver a final pay check to plaintiff until after 6 February 2008. That paycheck did not contain all wages due and payable to plaintiff.

## FIRST CLAIM FOR RELIEF

### (Unpaid Wages)

10.

Defendant's conduct as alleged above constitutes one or more violations of Oregon's Wage and Hour laws by failing to pay all wages due and payable. Defendant's conduct entitles plaintiff to recover at least $7.80 per hour times 24 hours for holiday pay and 16 hours of paid personal absence pay for a total of 40 hours amounting to $312.00 or such other amount as may be established by discovery and proved at trial. Plaintiff reserves the right to amend this complaint to allege such other amount.

11.

Pursuant to ORS 652.200, plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees.

/// /// ///
/// /// ///
/// /// ///
/// /// ///

COMPLAINT

Northwest WageLaw, LLC
1800 Blankenship Road, Ste 475
West Linn, OR 97068
Phone (503) 295-0431 Fax (503) 655-2016

## SECOND CLAIM FOR RELIEF
(Late Pay)

12.

Defendant's conduct as alleged above constitutes one or more violations of Oregon's Wage and Hour laws by failing to pay all wages due and payable by the time required by law and thereby entitles plaintiff to recover 30 days of unpaid continuation wages in the amount of $1,872.00 along with costs, disbursements, and reasonable attorneys fees pursuant to ORS 652.200.[1]

## OTHER

13.

Pursuant to ORCP 68C(2)(a) plaintiff alleges the right to recover attorney fees under ORS 20.105 in the event that the substantive right to recover those fees accrues after the date this complaint is filed.

## PRAYER

WHEREFORE, plaintiff prays as follows:

Upon the First Claim for Relief (Unpaid wages):

1. Judgment against defendant for $312.00 or such other amount as may be established by discovery and proved at trial;

2. Costs;

3. Reasonable attorneys fees;

---

[1] 30 days x 8 hours = 240 x $7.80 = $1,872.00

COMPLAINT

Northwest WageLaw, LLC
1800 Blankenship Road, Ste 475
West Linn, OR 97068
Phone (503) 295-0431  Fax (503) 655-2018

1  4.  Pre-judgment interest at the statutory rate;
2  5.  Post-judgment interest at the statutory rate;
3
4  Upon the Second Claim for Relief (Late Pay):
5  1.  Judgment against defendant in the amount of $1,872.00;
6  2.  Costs;
7  3.  Reasonable attorneys fees;
8  4.  Pre-judgment interest at the statutory rate;
9  5.  Post-judgment interest at the statutory rate;
10
11  Such other relief as the court deems just and appropriate.
12
13
14  Dated: 3/19/08
15                                    _____
                                      GARY ABBOTT PARKS, OSB# 93392
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT

Northwest WageLaw, LLC
1800 Blankenship Road, Ste 475
West Linn, OR 97068
Phone (503) 295-0431  Fax (503) 655-2016

Page 5 of 5