UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICHOLAS MILLER,

    Plaintiff,

    v.                                                                  OPINION AND ORDER
                                                                                               Civil No. 08-541-HA

FRY'S ELECTRONICS, INC.,

    Defendant.

HAGGERTY, Chief Judge:

Plaintiff moves for an order remanding this matter to state court [6]. Oral argument is deemed unnecessary. For the reasons outlined below, the motion is granted.

**BACKGROUND**

This action was filed initially by plaintiff in Clackamas County Circuit Court, Oregon, alleging that defendant had failed to pay plaintiff various kinds of compensation that, under Oregon law, could be recoverable as unpaid wages. On April 29, 2008, before defendant had filed a formal answer, plaintiff's counsel received documents from defendant which alerted counsel for the first time that a portion of plaintiff's claim for "vacation wages" might be subject to federal law. Decl. of Gary Abbott Parks in Supp. Mot. Remand, Para. 6 (Park Decl.). Within

1 - OPINION AND ORDER

four business days of receipt of these documents, plaintiff filed an amended complaint in Clackamas County and shortly thereafter transmitted a facsimile of the amended complaint to defense counsel. This transmission included a cover letter to counsel advising them of the amended filing. Plaintiff's counsel avers that "at every opportunity," he advised opposing counsel that the amended complaint contained no allegations involving vacation pay wages, and asserted only one claim – under Oregon state law – for late payment of wages. Park Decl. at Paras. 3-4.

Nevertheless, one hour after a copy of the amended complaint was transmitted to defense counsel, defendant filed the Notice of Removal that has brought the action to this court. Defense counsel denies that they were advised of plaintiff's amendment prior to removal. Opp'n. to Remand at 3. Counsel also asserts that its removal papers were delivered to its process server for filing prior to plaintiff's amendment. *Id*.

Despite the conflicting declarations from counsel, this court accepts plaintiff's assertion that defense counsel was –or should have been – aware of plaintiff's amendments to his complaint prior to the filing of defendant's Notice of Removal. There is no reasonable refutation of the fact that communications about plaintiff's amendment were sent to defense counsel one hour before the Notice of Removal was filed. Defense counsel's subsequent references to when "its process server" received the Notice of Removal, and references to the alleged dialogue between counsel after the Notice of Removal, are irrelevant to the challenge presented by plaintiff's Motion to Remand: was defendant's removal proper?

**STANDARDS**

A defendant or defendants desiring to remove a civil action from a state court shall:

>file in the district court of the United States for the district and
>division within which such action is pending a notice of removal
>signed pursuant to Rule 11 of the Federal Rules of Civil Procedure
>and containing a short and plain statement of the grounds for
>removal, together with a copy of all process, pleadings, and orders
>served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Regardless of whether removal of the initial complaint was warranted, defendant provided no Notice of Removal prior to plaintiff filing an amended complaint. As of plaintiff's filing of his amended complaint, defendant had thirty days to seek removal of that pleading:

> *. . . a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Defendant's Notice of Removal, having been filed one hour after plaintiff's amended complaint was filed, was plainly timely as to the amended complaint.

Asserting a motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037-38 (9th Cir. 1995). There is a "strong presumption" against removal and the burden of persuasion is placed upon the party seeking removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (because Congress restricted the jurisdiction of

3 - OPINION AND ORDER

federal courts on removal, the removal statute is strictly construed against removal jurisdiction) (pre-1988 amendment); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (recognizing that federal jurisdiction must be rejected if there is any doubt as to the right of removal and that the burden of establishing federal jurisdiction falls to the party invoking the statute) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

**DISCUSSION**

Plaintiff correctly asserts that the propriety of defendant's attempted removal must be measured against plaintiff's amended complaint. That amended complaint alleges only that defendant did not timely pay the wages that were due to plaintiff at termination. This complies with the statutory requirements for a claim under Oregon law. *See* O.R.S. 652.140. The amended complaint does not allege that any wages presently remain due and payable, which was defendant's primary basis for construing that plaintiff's claims could be interpreted as giving rise to a federal claim. This court concludes that a reasonable reading of the amended complaint finds no allegation asserted that wages remain due and payable. Consequently, the amended complaint raises no federal question and remand is appropriate.

Moreover, plaintiff seeks an award of attorney fees and costs applicable to the litigation of the remand motion. After considering counsel's arguments on this issue, the court concludes that plaintiff is entitled to an award of reasonable fees and costs. An examination of the counsel's declarations reveals that plaintiff's attorney has acted forthrightly and within the spirit and intent of the applicable Local Rules and procedural rules. Defense counsel has fallen short of this standard.

Plaintiff shall file a separate, formal cost bill detailing the costs incurred and the basis for the fees being sought.  This shall be filed no later than September 19, 2008.  Defendant's objections must be filed no later than September 26, 2008.  No reply brief and no oral argument will be scheduled.

**CONCLUSION**

For the reasons provided above, plaintiff Nicolas Miller's Motion to Remand to State Court and for an Award of Fees and Costs [6] is GRANTED. Therefore, by this Order, this action will be remanded to the Clackamas County Circuit Court for the State of Oregon following final adjudication to determine a reasonable award of costs and fees to plaintiff. Briefing to determine that award shall be completed no later than September 26, 2008.  An Order stating the award and remanding the action will issue after that date.

IT IS SO ORDERED.

DATED this __5__ day of September, 2008.


                                                    /s/ Ancer L. Haggerty
                                                    Ancer L. Haggerty
                                              United States District Judge